HULETT HARPER STEWART LLP
KIRK B. HULETT; SBN: 110726
kbh@hulettharper.com
525 B Street, Suite 760
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

EMGE & ASSOCIATES
DEREK J. EMGE; SBN: 161105
derek@inthelaw.com
525 B Street, Suite 760
San Diego, CA 92101
Telephone: (619) 595-1400
Facsimile: (619) 595-1480

Attorneys for Plaintiff, HUYEN-TRAM NGUYEN

JS-6

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| HUYEN-TRAM NGUYEN, Individually, On Behalf of All Others Similarly Situated, and on Behalf of the General Public,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. EDCV08-370SGL(OPx)<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] FINAL JUDGMENT<br><br>DATE: August 17, 2009<br>TIME: 10:00 a.m.<br>CRTRM: 1<br>JUDGE: Hon. Stephen G. Larson |
|---|---|

This matter having come before the Court on August 17, 2009 for Final Approval Hearing on the parties' Joint Stipulation of Class Action Settlement and Release ("Settlement") between Plaintiff HUYEN-TRAM NGUYEN ("Plaintiff") and Defendant MARRIOTT INTERNATIONAL, INC. ("Defendant"), due and adequate notice having been given to Class Members as required by the Court's Order Granting Preliminary Approval of Class Action Settlement dated April 24, 2009 ("Preliminary Approval Order"), and the Court having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the proposed Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefore, it is hereby ORDERED ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as given in the Settlement.

2. The Court has jurisdiction over the subject matter of this proceeding and over all parties to this proceeding, including all Class Members.

3. The Court hereby certifies the following Class and Subclass, for purposes of this settlement only:

> All individuals who were employed by Marriott International, Inc., Marriott Hotel Services, Inc. and/or Renaissance Hotel Operating Company at the Desert Springs JW Marriott Resort & Spa and/or the Renaissance Esmeralda Resort & Spa on a non-exempt (i.e., overtime eligible) basis anytime from March 1, 2004, through April 10, 2009. ("The Class");

> All individuals who were employed by Marriott International, Inc., Marriott Hotel Services, Inc. and/or Renaissance Hotel Operating Company at the Desert

1

Springs JW Marriott Resort & Spa and/or the Renaissance Esmeralda Resort & Spa on a non-exempt (i.e., overtime eligible) basis anytime between June 6, 2007 and April 10, 2009 ("PAGA Subclass").

4. Distribution of the *Notice of Class Action Settlement* and *Claim Form* directed to the Class Members as set forth in the Settlement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Court hereby finds that the Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Settlement. The Court also finds that the Notice provided adequate and appropriate notice to all persons entitled to such notice, and therefore fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and within this Final Approval Order.

5. The Court hereby finds the Settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23.

6. The Court hereby finds that the Settlement is, in all respects, fair, adequate and reasonable, and therefore approves the Settlement. The Court has come to this determination pursuant to the factors outlined in cases such as *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), including but not limited to consideration of: the state of the law governing the issues in this case and the plaintiffs' likelihood of success; the amount of the settlement; the sophistication of, and level of information available to, Class Counsel; the level of participation among Class Members; and the lack of objectors, among other factors.

7. The Court directs the parties to effectuate the settlement terms as set

forth in the Settlement. The Court also directs the Claims Administrator to calculate and pay the claims of all Class Members who filed timely claims in accordance with the terms set forth in the Settlement.

8. As of the date of this Final Order and the effective date as set forth in the Settlement, each and every claim of each Class Member who did not timely opt-out, and regardless of whether or not they submitted a Claim Form, is and shall be deemed to be conclusively released as against the Marriott Releasees (as defined in the Settlement). Except as such rights or claims that may be created by the settlement, all Class Members as of the date of this Final Order and the effective date who did not timely opt-out are hereby forever barred and enjoined from prosecuting any of the released claims or causes of action against any of the Marriott Releasees.

9. Neither the settlement nor any of the terms set forth in the Settlement constitute an admission by Defendant, or any of the other Marriott Releasees, of liability to the Plaintiff or any Class Member, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims alleged by Plaintiff in the Second Amended Complaint in the present action, or of any liability of Defendant or any of the other Marriott Releasees.

10. The parties have jointly requested that Class Members in the following categories be allowed to receive Class Member Payments despite technical non-compliance with the provisions of the Settlement. The Court agrees that this request advances the fairness, adequateness, and reasonableness of the Settlement and hereby orders that such Class Members participate in the distribution of the Net Settlement Value:

   (a) Fifty-one (51) Class Members who timely filed a signed Claim Form, but did not indicate whether or not they agreed with the disclosed number of Compensable Hours;

   (b) Nine (9) Class Members who timely filed a signed Claim Form,

3

but did not provide their social security number, but whose social security number may be determined from the Defendant's records;

   (c) Fifty-three (53) Class Members who either (i) filed a timely but deficient Claim Form and did not correct the deficiency until after the Claim Filing Deadline or (ii) filed a compliant Claim Form after the Claim Filing Deadline.

11. The Court understands that one Class Member filed an unsigned Claim Form with the Claims Administrator and has not responded to a subsequent deficiency letter. If this individual has cured the deficiency by August 17, 2009, then he or she shall receive a Class Member Payment. If he or she has not cured by that date, he or she shall not receive a Class Member Payment but will still be bound by the Settlement, pursuant to Paragraph 8 of this Order.

12. Except to the extent addressed herein, any Class Member who filed or files an untimely Claim Form – and who did not timely opt out – will not receive a Class Member Payment but will be bound by the Settlement, pursuant to Paragraph 8 of this Order.

13. The Court hereby confirms Emge & Associates, Hulett Harper Stewart LLP, and the Law Offices of David A. Huch as Class Counsel.

14. The Court hereby approves named Plaintiff Huyen-Tram Nguyen as Class Representative.

15. The Court hereby finds that Class Counsel complied with the notice requirements of California Labor Code § 2699.3(a)(1), did not receive any response from the Labor and Workforce Development Agency, and was thereby authorized to pursue claims under the Labor Code Private Attorneys General Act of 2004. Accordingly, the Court also hereby approves the settlement of the California Labor Code § 2699 claims alleged in Plaintiff's Second Amended Complaint and the allocation of $10,000.00 to settle these claims, pursuant to California Labor Code § 2699(l). Of that amount, and in accordance with California Labor Code § 2699(i), 75%, or $7,500.00, shall be paid to the State of California Labor and Workforce

Development Agency in accordance with the terms set forth in the Settlement. The remaining 25%, or $2,500.00, shall be distributed to all PAGA Subclass Members who filed a timely claim in accordance with the terms set forth in the Settlement.

16. If the class action settlement does not become final and effective in accordance with the terms set forth in the Settlement, this Final Approval Order and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

17. Without affecting the finality of the Settlement, this Court shall retain exclusive and continuing jurisdiction over the present Lawsuit and the Settling Parties, including all Class Members, for purposes of enforcing and interpreting the Settlement, this Judgment and the claims process established therein.

IT IS SO ORDERED

DATED: 8-19, 2009

HONORABLE STEPHEN G. LARSON
UNITED STATES DISTRICT COURT